CLEVELAND-AKRON BAG CO. v. JAITE, AN INFANT.

*Negligence—Misconduct of juror not prejudicial—Request to examine injured hand of plaintiff.*

Where the evidence shows that the prevailing party is free from fault, and the misconduct of a juror does not show any bias or prejudice for or against either party that would affect the verdict, it will not be ground for annulling the verdict.

(Decided May 26, 1924.)

ERROR: Court of Appeals for Summit county.

*Messrs. Musser, Kimber & Huffman,* for plaintiff in error.

*Messrs. Rockwell & Grant,* for defendant in error.

PARDEE, J. This is a proceeding in error to reverse the judgment rendered against plaintiff in error and in favor of defendant in error for personal injuries sustained by him, caused by the explosion of a dynamite cap, which occurred on or about the 4th day of January, 1922.

Plaintiff in error has a paper mill in Boston Mills in Summit county and manufactures paper bags and other paper products, and for that purpose uses waste materials, such as old paper, rags, rope, etc., and incidental to operation of such factory accumulates considerable rubbish, which is dumped on one or the other of two dumps a short distance from said factory, to which it is hauled by the employes of the company.

New Trial, 29 Cyc. p. 798.

The defendant in error alleged that on or about the 4th day of January, 1922, a truck load of rubbish was hauled from said plant, that included in and as a part of such rubbish there were 29 dynamite caps or torpedoes, which were carelessly dumped by one of the employes of the company into the public road, and that defendant in error, shortly thereafter, in passing over the road, picked up these caps, without knowing of their dangerous properties, and took them home and exploded one of them, causing the very serious injuries alleged in the petition.

The plaintiff in error denied that it placed or dumped the cartridges in the road or on land adjacent thereto, and denied all responsibility.

There are two principal grounds of error which the plaintiff in error alleges entitle it to a reversal of the judgment: first, that the verdict is manifestly against the weight of the evidence; and second, misconduct of the defendant in error and his mother, Florence M. Murton, and one of the jurors, Mrs. Anna D. Meek.

As to the first ground of error:

We have read with great care the bill of exceptions in this case and have carefully considered the same, and from this examination we find a sharp conflict in the evidence on some of the very important points as to the liability of the plaintiff in error. We recognize the line of demarcation between the duties and province of the jury, on the one hand, and those of the court, on the other, and also the difference between the rights and duties of a trial court and of a reviewing court. In the former, if the trial judge, who has heard the evidence and seen the witnesses, and been present

throughout the trial, is satisfied that the verdict of the jury is not sustained by sufficient evidence— that is, by a preponderance of the evidence—it is his duty and right to set aside the verdict and grant a new trial. But after the trial judge has set his approval upon the verdict by overruling the motion for a new trial, and judgment has been entered, then a different rule has been set up by the people of this state for the guidance and control of reviewing courts, to-wit: that a judgment of a lower court shall not be reversed on the ground that it is against the weight of the evidence unless it appears that it is manifestly so. Therefore, from our consideration of the evidence as disclosed by the bill of exceptions we are not unanimously of the opinion that the verdict is manifestly against the weight of the evidence, and do not believe that the jury in reaching the conclusion they did were required to base one inference upon another, so the rule announced in *Sobolovitz* v. *Lubric Oil Co.,* 107 Ohio St., 204, has no application to the facts in this case.

The more serious question, to our minds, is the one which relates to the alleged misconduct of one of the jurors on one of the days of the trial.

It seems that upon the morning of the last day of the trial, about the time the court was to convene, Mrs. Meek, one of the jurors, talked to the defendant in error and his mother, and asked the boy to show her the hand which was injured as a result of said accident. This matter was immediately called to the attention of the trial court, but nothing was done about it at the time by either the court or the attorneys in the case, and not until the defendant in error was put upon the stand on that morning for further examination, when upon cross-

examination the attorneys for the plaintiff in error went into the subject of his conversation with the juror and what was said by him and his mother and said juror, at which time the defendant in error pointed out to the court which juror it was who had this conversation, and after the examination had proceeded further before the jury, and many questions had been asked in relation to the incident, the court suspended for a few moments and the jury was excused and a further examination upon this subject was had in the absence of the jury, at the conclusion of which examination the plaintiff in error made a motion to withdraw a juror, discharge the jury and order a new trial, which motion was overruled and exception taken.

To arrive at a proper conclusion upon this ground of alleged error has not been free from difficulty, especially in view of the growing tendency of reviewing courts not to interfere with the verdicts of juries, even when the court doubts the sufficiency of the evidence to uphold the same.

In this case the evidence shows that the juror asked the defendant in error to show her the hand which had been injured, although it had been exhibited to her and the other jurors on the first day of the trial. This examination was made at the request of the juror without any suggestion from the defendant in error or his mother that it be done, and there is no evidence that either the juror or they did it from any impure or improper purpose, or that the juror had any bias or prejudice. The evidence shows that the incident took place in the open court room, in the presence of others, immediately before the convening of court, and was not done at the instigation of the mother or the

boy. It is true that the mother answered certain questions of the juror in regard to her baby, and showed her the hand of the boy, who had stepped up to them when they were talking about the baby, but there is no evidence that any one of them acted from a corrupt or ulterior motive.

It is true that the juror was guilty of misconduct, and the court would have been justified in censuring her for it, but the punishment, of course, should not extend to one who was innocent of any wrongdoing, unless the misconduct was such as prevented a fair and impartial trial.

From our examination of the books, we find two rules relating to misconduct of jurors, the first one of which relates to the misconduct of the prevailing party, or his attorney, and one of the jurors, which rule is set forth in the fourth and fifth paragraphs of the syllabus in the case of *P., C. & St. L. Ry. Co.* v. *Porter, Admx.,* 32 Ohio St., 328, to-wit:

"4. Any attempt on the part of the prevailing party or his attorney in the case, to corrupt a juror, though it be not shown to be successful, is a good ground for a new trial.

"5. Where it appears that during the progress of a trial, the prevailing party or his attorney has furnished intoxicating liquors to a juror, it is a good ground for a new trial, unless it is clearly shown that it was not intended to influence his action in the case, and that it had no influence on his mind as a juror."

And on page 333 the court in its opinion says:

"Where, therefore, a party or his attorney is guilty of such misconduct, the case comes within the provisions of the statute, requiring a verdict

in his favor to be vacated on the application of the party aggrieved.

"The rule to be adduced, then, from these considerations, is, that where it appears that during the progress of a trial, the prevailing party, or his counsel in the case, has furnished intoxicating liquors to a juror, it is a good ground for a new trial, unless it is shown that it was not intended to influence his action in the case, and that it had no influence on his mind as a juror.

"Applying this rule to the case made on the motion for a new trial in the present case, we cannot say that the court erred in overruling the motion. It is quite apparent that the treating of the juror was casual and not intended to bias his action, and that it had no improper influence on his mind as a juror."

The other rule relates to misconduct of a juror, where the prevailing party is free from fault, and is well stated in the third paragraph of the syllabus in *Armleder* v. *Lieberman,* 33 Ohio St., 77, to-wit:

"3. A juror separated from his fellows, and privately asked an attorney, in no way connected with the case or parties thereto, 'How are we to get along without those books or papers?'—saying, 'They have not let us have them.' To which the attorney replied, in substance: You must do the best you can; he could give him no advice; that the juror could send up and have the court advise them. *Held,* although such conduct on the part of the juror was a violation of his duty, yet, as it did not show any bias or prejudice for or against either party, that would affect the verdict, it was not sufficient cause for a new trial."

And on page 84, the court in its opinion says:

"Upon the whole, we think the rule that will best secure the desired result would be, that, in cases where the irregularity or misconduct of the juror appears to have operated in favor of the successful party, and as a necessary consequence, to the prejudice of the unsuccessful party, a new trial should be granted. On the other hand, where it appears that it has produced no such result, the verdict should be permitted to stand.

"Any attempt on the part of the prevailing party, his agent, or attorney, on or over the jury, resulting in an irregularity or misconduct of the jury, would be cause for a new trial; but in a civil action, where the prevailing party is wholly free from fault, and the irregularity or misconduct of the jury, or a juror, is free from intention of wrong, and has in no appreciable way affected the verdict, it should not be disturbed."

Did the acts of the juror, then, affect the verdict in this case?

We do not think so.

From an examination of these two rules, it is apparent that where the prevailing party or some one for him has been guilty of misconduct with one of the jurors, the burden is cast upon him to clearly show that it was not intended to influence the conduct of the juror in the case and in fact had no such result.

But where the evidence shows that the prevailing party is free from fault, and the misconduct of the juror does not show any bias or prejudice for or against either party that would affect the verdict, it will not be ground for annulling the verdict.

The examination of the hand by the juror in this case could not have affected the juror's decision as to the liability of the defendant, because whether the injury was great or small the liability would have been the same, and if the liability was fixed independent of said incident, then did it affect the amount of the verdict in any appreciable way?

Defendant in error suffered a very serious injury, and if there was any liability at all, the jury would have been justified in rendering a very much larger verdict than it did under the evidence. Fully appreciating the great importance of keeping the acts and conduct of jurors free from criticism, and that it is the duty of all courts to preserve the purity of trials by jury, we are of the opinion that the misconduct of the juror did not work to the advantage of the successful party or to the disadvantage of the unsuccessful one, and what was done was not the result of any bad intention or design. This is especially true when we take into consideration that the court fully charged the jury not to permit any conversation that any one of them may have had with the defendant in error or his mother to affect their verdict or judgment.

The plaintiff in error also complains about the charge of the court and the introduction of evidence. We do not find any error in the record in regard to these two points.

Not finding any errors in the record prejudicial to the plaintiff in error, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WASHBURN, J., concurs.
FUNK, P. J., dissents