## JOHNSON v STATE

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 17, 1935

Price Janson, Canton, and Paul D. Van-Nostran, Canton, for plaintiff in error.

A. C. L. Barthelmeh, Canton, for defendant in error.

## OPINION

By SHERICK, J.

The plaintiff in error, Arel Johnson, was

indicted, tried and convicted on a charge of second degree murder. From the judgment entered on the verdict, error is prosecuted to this court, upon one ground of error. It is the claim of the plaintiff in error that he did not have a fair and impartial jury to pass upon his case, by reason of the fact that one of the jurors was the stepmother of the wife of the assistant prosecutor who tried the case. It is claimed that this fact was not known to the accused or his counsel at the time of the impaneling of the jury and that this knowledge did not come to their attention until after the verdict had been rendered; and that by affidavits and the testimony of this juror it was made known to the court upon a motion for a new trial.

It appears from the abbreviated record before us that the trial judge made inquiry of the panel as to whether or not there was any reason why they should not sit in the trial of this cause and hear the evidence and determine the guilt or innocence of the defendant. The record further discloses that counsel for the accused twice asked the jury if they would search their minds and determine whether or not there was anything in this case that would prevent them from sitting as jurors and rendering a fair and impartial verdict.

The inquiry as propounded by the court was answered, as the record shows, by indication that there was no such reason, and the two inquiries as made by the accused's counsel were answered in the negative by the panel's silence.

The record in this case clearly shows that no inquiry was propounded to the panel concerning any relationship existing between accused and his counsel, the jurors and the assistant prosecutor.

As we see it, the only question presented is whether or not these questions so put to the jurors were an exercise of due diligence in the matter of discovery of any existing relationship. We understand the rule to be as found in **Beck v State, 20 Oh St, 228**, which prescribes that:

"Where no inquiry is made on the subject till after verdict, the existence of any such cause for challenge, though previously unknown to the defendant and his counsel, will not necessarily entitle him to a new trial."

The case of **McGill v State, 34 Oh St, 228**, at pages 235 and 236, prescribes the definite rule applicable, wherein it is held:

"The rule is clearly settled * * * that the

disqualification of a juror sitting at the trial of a cause, either civil or criminal, which the exercise of due diligence would have disclosed, is not a sufficient ground for setting aside the verdict and granting a new trial. * + * The party moving for a new trial on such ground must show that he exercised such care and diligence before the juror was sworn, or he will be held to have waived all objections to his competency, which the employment of reasonable diligence would have shown to be well founded. But where such diligence is shown to have been used, or, if used, would not have resulted in disclosing the disqualification, no waiver can be implied."

It is claimed by the plaintiff in error that when it was made known to the trial court, upon the motion for a new trial, that a juror was in any way related to the state's counsel, it became the mandatory duty of the trial court to sustain the motion. This we do not believe to be the law of the case.

It would have been a very easy matter for counsel for the accused to have inquired concerning any such relationship. They chose to make no such inquiry, but now ask this court to determine that the · broad questions propounded to the jury required them to affirmatively state any such family connection as they might have with counsel. We do not believe that the plaintiff in error's conception of the law is well founded.

Due diligence requires in this case that an inquiry should have been made to determine any such relationship. The questions propounded are not sufficient to establish diligence on the part of counsel, and the judgment must be affirmed.

Judgment affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.