FIRESTONE, PLAINTIFF, *v*. FREILING, DEFENDANT.

Common Pleas Court, Tuscarawas County.

No. 35987.   Decided January 10, 1963.

*Messrs. Mills & Mills,* for plaintiff.
*Messrs. Smith, Renner, Hanhart & Miller,* for the defendant.

LAMNECK, J.   In this action the plaintiff sought to recover the sum of $75,000.00 in damages from the defendant for personal injuries alleged to have been sustained as a result of an automobile collision which occurred on August 15, 1960.

In her petition, the plaintiff claimed the defendant was negligent in driving and operating his automobile at a speed in excess of sixty miles an hour during an attempt to pass other vehicles proceeding in his direction, and with negligence in crossing the center of the highway over into her side of the highway, striking the automobile which she was driving in her lane of traffic in the opposite direction.

At the close of the plaintiff's case, the defendant rested. Thereupon the court directed the jury to disregard the question of negligence and confine its deliberation to the amount of damages, if any, to be awarded to her as a direct and proximate result of the injuries which she alleges she sustained in the collision.

The jury rendered a verdict in the amount of $25,000.00 in favor of the plaintiff.

In due course the defendant filed a motion for a new trial based on the following grounds:

1. Errors in the Court's charge to the jury.

2. Misconduct of plaintiff's counsel during the trial.

3. Excessive damages appearing to have been given under the influence of passion or prejudice.

4. That one of the jurors was disqualified to sit as a juror for the reason that he had previously been convicted of a felony.

The matter is now before the court on the motion for a new trial.

At the hearing on the motion for a new trial the only ground that was seriously stressed is the alleged disqualification of one of the jurors.   It is undisputed:

1. That the court asked all of the prospective jurors on

voir dire under oath as provided by law, whether any of them had ever been convicted of a felony and all of them remained mute after the question was propounded.

2. That the juror in question pleaded guilty to the crime of nonsupport of minor children under former Section 13008, General Code, on April 25, 1953, in this court; was sentenced to be imprisoned in the Ohio Penitentiary for not less than one (1) year nor more than three (3) years, which sentence in the same entry was suspended by the court; and the said juror was placed on probation for a period of five years under certain terms and conditions.

3. That the said juror was discharged from probation and restored to his full rights of citizenship in accordance with Section 13452-7, General Code, on April 24, 1958.

Under former Section 13008, General Code, the Judge in passing judgment may consider the offense of non-support of minor children either as a misdemeanor or a felony. It is evident from the wording of the entry dated April 25, 1953, that the judge found that the said juror had been convicted of a felony because of the suspended sentence to the Ohio Penitentiary.

Under former Section 13458-1, General Code, now Section 2961.01, Revised Code, in effect at the time of the said juror's conviction, it was provided in so far as it relates to this case that where "a person convicted of a felony in this state, unless his conviction is reversed or *annulled*, shall be incompetent to be an elector or *juror*, or to hold an office of honor, trust or profit."

Former Section 13452-7, General Code, now Section 2951.09, Revised Code, in effect at the time the said juror was discharged from probation, provided in so far as it relates to this case, that when a probationer is discharged from probation, "if the defendant has been convicted or pleaded guilty to a *felony*, the judge of the Court of Common Pleas may, in his discretion, restore defendant to his rights of citizenship of which such convict may or shall have been deprived by reason of his conviction under Section 13458-1, General Code, and if the court make such order of restoration of citizenship, an entry of the same shall be made on the journal of the Court in the action in which the conviction or plea of guilty was entered."

The defendant contends that the juror in question was incompetent to sit as a juror, in that the order placing said juror on probation in the same entry wherein he had been sentenced to the penitentiary was void.

In *Court* v. *State*, 126 Ohio St., 103, 184 N. E., 1, it was held that "where a court has suspended execution of a sentence without lawful authority so to do, its order of suspension may be treated as a nullity and void and the original sentence carried into execution even after the term in which the order was made. A court does not lose jurisdiction to enforce a sentence in a criminal case by an unauthorized attempt to suspend it."

The court also held in the foregoing case that mandamus is a proper remedy to compel a court to set aside and vacate such an order and compel execution of the original sentence. There was no order extending probation made in that case.

The court came to the same conclusion in *State* v. *Parks*, 67 Ohio App., 96, 36 N. E. (2d), 42. However in that case the sentence to the Ohio Penitentiary was suspended and the defendant was placed on probation under certain terms and conditions in the same entry.

In *State* v. *Zangerle*, 136 Ohio St., 371, 26 N. E. (2d), 190, the Supreme Court held that courts "do not have inherent or statutory power to suspend the execution of sentence for the purpose of granting probation, and mandamus will lie to compel the court to set aside the illegal and void order of suspension and probation and carry the sentence into execution."

The foregoing pronouncements do not apply to misdemeanor cases as it is specifically provided under Section 2947.13, Revised Code, formerly Section 13451-8b, General Code, that "any court sentencing a person for misdemeanor may, at the time of sentence, omit or suspend such sentence in whole or in part, upon such terms as the court may impose."

These decisions indicate that after sentence has been pronounced in a felony case, unless otherwise provided by law, the court has no power to suspend its execution, either in whole or in part, and any such order made after judgment, or as a part thereof, is to that extent wholly void even under a plea of guilty, and even though consented to or requested by the

accused. See 24 Corpus Juris Secundum, Criminal Law, Section 1618(1).

All of the foregoing cases do not present an exact parallel situation to this juror's claimed incompetency.

The court which pronounced judgment on April 25, 1953, was under the impression that he had placed the juror on probation. The probation officer who had him in charge for five years considered him a probationer. He complied with the terms of probation, and the court which discharged him from probation on April 24, 1958, thought he was dealing with a bona-fide probationer. In addition, the maximum term which this juror could have been kept in the penitentiary under the charge was three years. He remained on probation for two years beyond the date of the judgment and the period of the maximum sentence to the penitentiary.

Assuming that the juror in question was incompetent to serve as a juror under the circumstances, should a new trial be granted to the defendant in this case for that reason alone?

In support of the defendant's motion for a new trial, counsel has cited the case of *Bershiet* v. *The Cincinnati Traction Co.,* 3 O. N. P. (n. s.), 575, wherein it was held:

"When proposed jurors are sworn on their voir dire they are sworn to tell the whole truth, and not a part of it, and their answers should squarely meet, without evasion what is fairly expressed by the terms of the questions; and where one undergoing such an examination was guilty of evasion or concealment, the party examining him was deprived of a substantial right and is entitled to a new trial."

The case in which the foregoing pronouncement was made was a suit for damages at a time when a unanimous verdict was required in civil cases.

In *Johnson* v. *State,* 53 Ohio App., 410, 5 N. E. (2d), 343, it is stated in effect that where a prospective juror has been asked a question on voir dire which if answered in the affirmative would tend to disqualify him, the question is answered in the negative by the said prospective juror's silence.

Counsel for the defense has also cited the case of *Brady* v. *Black and White Cab Company,* 357 S. W. (2d), 720, wherein it was held that the defendant in an action for personal injuries

was entitled to a new trial from a judgment against him, where a juror failed to state, in response to questions addressed to the panel on voir dire, that both he and his wife had been involved in law suits arising out of an intersectional automobile collision, and that his wife had sustained injuries in the accident, including a neck injury.

In both *Bershiet* v. *Cincinnati Traction Company* and in *Brady* v. *Black and White Cab Company, supra*, the court's reason for reversal was on the juror's intentional concealment of a material fact and was therefore strong evidence of bias and prejudice which would affect his conduct as a juror as well as his qualifications.

The facts in these two cases are not similar to the alleged disqualification in the instant case.

It is contended by the plaintiff that counsel for the defendant discovered during the trial that the juror in question had been convicted of the crime of non-support of minor children, and their failure to make further inquiry and take action constituted a waiver of their right to object after the verdict.

It is undisputed that counsel for the defendant became aware that the juror in question had been convicted of non-support and had been placed on probation in this court when the jury was taken to view the scene of the alleged accident and before the taking of testimony.

There was an alternate juror impanelled in the instant case. If there had been a valid objection to the questioned juror's eligibility at any time before the case was submitted to the jury, the alternate juror could have been seated in his stead. In view of these facts counsel for the defendant were on notice, and further inquiry in the Clerk's office in this county would have revealed all of the facts concerning the questioned juror's alleged disqualification.

In *Queenan* v. *Oklahoma*, 190 U. S., 548, 47 Law Ed., 1175, a juror on voir dire in a criminal case answered falsely that he had been convicted of a felony. Counsel for the defendant discovered the fact during the trial but raised no objection. After the verdict, it was claimed by the defendant that he had been deprived of his right to trial by a full jury of twelve qualified jurors which could not be waived. The Supreme Court of the United States held in that case that "the right of a defendant

to object that a juror was disqualified because it appeared during the trial that he had been convicted of a felony, contrary to his statement on voir dire, is waived by failure to raise the question until after verdict.''

In *McGill* v. *State*, 34 Ohio St., 228, it is stated on page 235, ''that the disqualification of a juror sitting at the trial of a cause, either civil or criminal, which the exercise of due diligence would have disclosed, is not a sufficient ground for setting aside the verdict and granting a new trial. See also *Watts* v. *Ruth*, 30 Ohio St., 32; *Johnson* v. *State*, 53 Ohio App., 410, 5 N. E. (2d), 343.

In 31 American Jurisprudence, 125, Section 143, it is stated:—

''It is generally recognized that a false answer on voir dire which has the effect of depriving counsel of the opportunity to make a proper determination whether to exercise the right to challenge a juror will not in itself require the granting of a new trial. Most courts agree that to justify a new trial it must appear that the party seeking it has been prejudiced by the false answers.''

In *Raub* v. *Carpenter*, 187 U. S., 159, 47 L. Ed., 119, a prospective juror swore on voir dire in a civil case on questions propounded by the presiding judge that he was over 21 years of age and had never been convicted of a crime. Both of the answers were false.

The law applicable to the foregoing case provided ''No person shall be competent to act as a juror unless he be a citizen of the United States, a resident of the District of Columbia, over 21 and under 65 years of age, and a good and lawful man, who has never been convicted of a felony or misdemeanor involving moral turpitude.''

In this case, the Supreme Court of the United States in affirming the refusal of the trial court to vacate the decree because of the incompetency of the juror, held it was not an abuse of discretion if the verdict rendered was the only one which could be rendered consistently with the facts.

In the instant case, the jury was instructed by the court to bring in a verdict for the plaintiff on the question of negligence. This was the only verdict so far as negligence is con-

cerned which could have been rendered consistently with the evidence. Therefore the defendant could not be prejudiced by the presence of the alleged disqualified juror being seated as a member of the jury in so far as the question of negligence is concerned.

Under Section 2321.17, Revised Code, a party is entitled to a new trial if an irregularity in the proceedings materially affects his substantial rights and prevents him from having a fair trial. It is also provided under Section 2309.59, Revised Code, that "the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

Was the defendant prejudiced by the fact that the juror in question sat in the trial in this case?

In *Pearson* v. *Cartage Co.*, 148 Ohio St., 425, 76 N. E. (2d), 67, it was held:

"Where prospective jurors on voir dire examination in a personal injury case remain silent on the subject of accidents or claims when inquiry is made as to whether any prospective juror or any relative or member of his family had been involved in an accident or had made any claim in respect of an accident, whether a party is prejudiced by the fact that such juror sat in the trial of the case without disclosure, is a question to be determined according to the sound discretion of the trial court when the propriety of the participation by such juror is properly raised. Whether the trial court has abused such discretion is to be determined by a reviewing court in accordance with the terms of Section 11364, General Code."

It was also held in *Cleveland-Akron Bag Co.* v. *Jaite*, 20 Ohio App., 93, 153 N. E., 151, 2 Ohio Law Abs., 636, that "where the evidence shows that the prevailing party is free from fault, and the misconduct of a juror does not show any bias or prejudice for or against either party, that would affect the verdict, it will not be ground for annulling the verdict."

In the alleged disqualified juror's affidavit submitted in evidence, he admitted he heard the question "have any of you ever been convicted of a felony," but did not respond and remained silent because he was unaware that non-support of minor children constituted a felony, and since he was placed

on probation, he did not understand that he had been "convicted." The court is of the opinion that this juror acted in good faith in regard to the question propounded.

It is of great importance that the acts and conduct of jurors should be kept free from criticism. It is also the duty of a court to preserve the purity of trials by jury.

The court is of the opinion, however, that the alleged misconduct of the juror in this case did not work to the advantage of the successful party or to the disadvantage of the defendant, and what was done or left undone was not the result of bad intention or design.

There is nothing in the record tending to show that this juror was partial, biased, or prejudiced to any extent. The verdict of the jury was unanimous, whereas nine could have rendered a verdict without the concurrence of this juror. The liability of the defendant, great or small, was fixed independent of the alleged incident.

The plaintiff presented substantial medical evidence to sustain her claim of serious injury as a direct and proximate result of the defendant's negligence. If the jury believed this evidence, the verdict of the jury was not excessive.

For the foregoing reasons, the Court finds said motion for a new trial is not well taken and overrules the same.

Exceptions noted.