# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 15-0030** (Ohio County 12-F-83)

**Joshua Bowman, Defendant Below,
Petitioner**

**FILED**

October 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joshua Bowman, by counsel John M. Jurco, appeals the Circuit Court of Ohio County's December 17, 2014, order resentencing him to a cumulative term of incarceration of 9 to 100 years following his guilty plea to five counts of burglary, three counts of conspiracy, and one count of bringing stolen property into the State. The State, by counsel Jonathan Porter, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in imposing the maximum allowable sentence for these offenses.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, petitioner and the State entered into a plea agreement whereby petitioner would plead guilty to five counts of burglary, three counts of conspiracy, and one count of bringing stolen property into the State. As part of the agreement, the State agreed to forebear prosecution on all known offenses committed during the subject burglary spree, which amounted to at least fourteen other offenses. The charges stemmed from an eight-to-nine month, multi-state crime spree that saw petitioner, and sometimes others, burglarize dozens of residences, sell the stolen property, and generally conspire to commit crimes. Charges from this same timeframe were also pending in the State of Ohio and the Commonwealth of Pennsylvania. The circuit court accepted petitioner's guilty plea on October 23, 2012.

The circuit court held a sentencing hearing in December of 2012 and imposed the following sentences: one to fifteen years of incarceration for each of the five counts of burglary; one to five years for each of the three counts of conspiracy; and one to ten years of incarceration for the lone count of bringing stolen property into the State. The circuit court ordered that these sentences be served consecutively, resulting in a cumulative sentence of 9 to 100 years of incarceration. Thereafter, by order entered on December 17, 2014, the circuit court resentenced

petitioner to the same terms for purposes of appeal, and it is from that order that petitioner appeals.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentences for his crimes are within the applicable statutory limitations. Specifically, West Virginia Code § 61-3-11(a) states that any person who is guilty of burglary "shall be confined in the penitentiary not less than one nor more than fifteen years." Similarly, West Virginia Code § 61-10-31 states that an individual convicted of conspiracy "shall be punished by imprisonment in the penitentiary for not less than one nor more than five years . . . ." Finally, West Virginia Code § 61-3-19 states as follows:

> If any person shall bring into this State, or shall receive, convert to his own use, or sell, property of any character, of value, which was stolen in another state, and which he knows or has reason to believe was stolen, he shall be deemed guilty of the larceny thereof in the county in which such property may be found, used, converted or sold, and may be prosecuted for such offense therein, and, upon conviction, shall be punished as provided for the offense of larceny committed within this state

Pursuant to West Virginia Code § 61-3-13(a), if a person is guilty of larceny of goods or chattels valued at more than $1,000, he or she "shall be imprisoned in the penitentiary not less than one nor more than ten years . . . ." As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and his sentences are not reviewable on appeal.

Moreover, the Court does not agree that the circuit court based petitioner's sentences on any impermissible factor. In fact, petitioner's argument on appeal is based almost entirely on the allegation that the State presented the circuit court with allegedly impermissible evidence at sentencing in the form of references to crimes of which petitioner was not convicted. However, the record is clear that it was petitioner's own counsel who first referenced the fourteen other counts of which the State agreed to forebear prosecution. We have previously held that

> "[a] judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal." Syllabus Point 21, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966), *overruled on other grounds by Proudfoot v. Dan's Marine Service, Inc.*, 210 W.Va. 498, 558 S.E.2d 298 (2001).

Syl. Pt. 3, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W.Va. 213, 719 S.E.2d 381 (2011). Our review of the record clearly shows that it was petitioner who first addressed these crimes and, as such, we find no error in the State addressing them as well.

Further, the State only referenced these same counts in addressing the circuit court as to the considerable benefit petitioner obtained by entering into the plea agreement. Simply put, there is nothing in the record that shows the circuit court considered, or otherwise based its

sentence on these allegedly impermissible factors. While petitioner asserts that the State's argument that the sentence needed to "speak justice for multitudes of victims" is evidence of the circuit court's reliance on an impermissible factor, the Court does not agree. There is nothing in the record to indicate if the "multitude of victims" the State referenced consisted solely of those victims of crimes that petitioner was being prosecuted for, or if other victims of offenses for which petitioner was not prosecuted were included. Either way, there is, again, no evidence that the circuit court based its sentences on any impermissible factors.

For the foregoing reasons, the circuit court's December 17, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3