STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

April 12, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: G.W. and S.W.

No. 15-1236 (Calhoun County 14-JA-46 & 14-JA-47)

MEMORANDUM DECISION

Petitioner Father R.W., by counsel Andrew S. Ryan, appeals the Circuit Court of Calhoun County's November 23, 2015, order terminating his parental rights to G.W. and S.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Tony Morgan, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in adjudicating him as an abusing parent because the allegations against him did not rise to the level of abuse or neglect.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, the DHHR filed an abuse and neglect petition against the parents and alleged that the mother was married to a registered sex offender and that S.W. disclosed sexual abuse by this individual. Moreover, the petition alleged that the mother left the children in the care of others for extended periods and that the children were not receiving proper medical care. As to petitioner, the DHHR alleged that he abandoned the children and failed to provide for and protect them, among other allegations.

After several continued hearings, the circuit court held an adjudicatory hearing in regard to petitioner in December of 2014. During the hearing, petitioner stipulated to allegations in the petition and to his adjudication as an abusing parent.[2] Specifically, petitioner admitted to the

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]The circuit court actually adjudicated petitioner as an "abusive and neglectful parent" based upon its finding that he abused and neglected the children. The Court notes, however, that (continued . . .)

1 -

DHHR's allegation that he failed to protect the children by virtue of allowing them to reside in the mother's home with a sex offender. The circuit court accepted this stipulation and adjudicated petitioner as an abusing parent. The following month, the circuit court held a hearing, during which it granted petitioner's motion for a post-adjudicatory improvement period. Petitioner did not attend this hearing, but was represented by counsel.

In June of 2015, the DHHR filed a motion to terminate petitioner's improvement period and a notice that it sought to terminate his parental rights. According to the DHHR, petitioner abandoned many of his services, including drug screens, parenting and adult life skills education, and his psychological evaluation. The DHHR further alleged that petitioner missed several scheduled visits with the children. In October of 2015, the circuit court held a hearing on the DHHR's motion to terminate petitioner's improvement period and his parental rights. Petitioner did not attend this hearing, although he was represented by counsel. During the hearing, petitioner's counsel indicated that he "was unaware of his client's whereabouts," although he did indicate that he spoke with his client regarding the DHHR's pending motion and informed him of the hearing. In support of its motion, the DHHR alleged that petitioner abandoned his improvement period and the case generally. Ultimately, the circuit court terminated petitioner's parental rights without granting him an extension to his improvement period. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error below.

---

the West Virginia Code provides only for a definition of "abusing parent." According to West Virginia Code § 49-1-3(2), "'[a]busing parent' means a parent, guardian or other custodian, regardless of his or her age, whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect." Because this definition encompasses parents who have been adjudicated of either abuse or neglect, the Court will use the correct statutory term throughout this memorandum decision.

Specifically, the Court finds that petitioner is not entitled to challenge the sufficiency of his adjudication on appeal because he stipulated to the same. We have previously held that "'[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal.' Syllabus Point 1, *Maples v. West Virginia Dep't of Commerce*, 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 2, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W.Va. 213, 719 S.E.2d 381 (2011). Further,

> "[a] judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal." Syllabus Point 21, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966), *overruled on other grounds* by *Proudfoot v. Dan's Marine Service, Inc.*, 210 W.Va. 498, 558 S.E.2d 298 (2001).

*Id.* at 215, 719 S.E.2d at 383, Syl. Pt. 3. The record in this matter is clear that petitioner voluntarily chose to stipulate to the adjudication against him. Moreover, petitioner did not object to his adjudication as an abusing parent, nor did he challenge the sufficiency of the allegations against him as contained in the DHHR's petition. In fact, the record shows a brief discussion among the circuit court and the parties concerning the sufficiency of petitioner's stipulation in regard to his adjudication. After petitioner made his stipulation, the circuit court asked both the guardian and counsel for the DHHR if the stipulation was sufficient. Both responded affirmatively, and petitioner made no objection to the circuit court proceeding to adjudicate him as an abusing parent. For these reasons, the Court finds that petitioner is entitled to no relief in regard to adjudication in this matter, as he clearly invited any such error by entering into a stipulated adjudication.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 23, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II