# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0237** (Randolph County 14-F-46)

**Eric Corder,**
**Defendant Below, Petitioner**

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Eric Corder, by counsel Philip Isner, appeals the Circuit Court of Randolph County's February 11, 2016, order sentencing him to a cumulative term of incarceration of eighteen to fifty years following his guilty plea to one count each of first-degree sexual assault, third-degree sexual assault, and soliciting a minor using a computer. The State, by counsel Josiah Kollmeyer and Gordon L. Mowen II, filed a response.[1] On appeal, petitioner alleges that the circuit court erred in imposing the maximum allowable sentence for these offenses.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the Randolph County grand jury indicted petitioner on one count of first-degree sexual assault, in violation of West Virginia Code § 61-8B-3; two counts of second-degree sexual assault, in violation of West Virginia Code § 61-8B-4; one count of third-degree sexual assault, in violation of West Virginia Code § 61-8B-5; and two counts of soliciting a minor via a computer, in violation of West Virginia Code § 61-3C-14b. These charges stem from multiple incidents wherein petitioner seduced two females with gifts in exchange for sexual favors.

At a June 3, 2015, hearing, petitioner pled guilty to one count of first-degree sexual assault, one count of third-degree sexual assault, and one count of soliciting a minor via a computer. As part of the plea agreement, the State agreed to dismiss the remaining charges in the indictment. Furthermore, petitioner stipulated that he was a sexually violent predator and agreed to fifty years of supervised release upon his release from any incarceration imposed by the circuit court. At the conclusion of the hearing, the circuit court accepted petitioner's guilty plea and

---

[1]Mr. Kollmeyer was permitted to participate in the filing of the State's brief pursuant to Rule 10 of the West Virginia Rules for Admission to the Practice of Law.

scheduled the matter for sentencing. The circuit court also ordered the Randolph County Probation Office to complete a pre-sentence investigation report. A pre-sentence evaluation was also completed wherein petitioner admitted that the FBI had seized his "electronics and on-line accounts."

At the outset of petitioner's sentencing hearing, the parties offered no relevant objection to the reports. Accordingly, the circuit court imposed the following sentences: fifteen to thirty-five years of incarceration for one count of first-degree sexual assault; one to five years of incarceration for one count of third-degree sexual assault; and two to ten years of incarceration for one count of soliciting a minor via a computer. The circuit court ordered that theses sentences be served consecutively, resulting in a cumulative sentence of eighteen to fifty years. The circuit court also sentenced petitioner to fifty years of supervised release following the expiration of his sentence. This appeal followed.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentences for his crimes are within the applicable statutory limitations. Specifically, West Virginia Code § 61-8B-3 states that any person guilty of sexual assault in the first degree "shall be imprisoned in a state correctional facility not less than fifteen nor more than thirty-five years[.]" Similarly, West Virginia Code § 61-8B-5 states that an individual convicted of sexual assault in the third degree "shall be imprisoned in a state correctional facility not less than one year nor more than five years[.]" Finally, West Virginia Code § 61-3C-14b states that "[a]ny person over the age of eighteen, who knowingly uses a computer to solicit, entice, seduce or lure, or attempt to solicit, entice, seduce or lure, a minor . . . shall be . . . imprisoned in a state correctional facility not less than two nor more than ten years[.]" As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and his sentences are not reviewable on appeal, unless based on some impermissible factor.

On appeal, petitioner argues that the circuit court sentenced him based upon impermissible factors. We disagree. To begin, petitioner asserts that the circuit court based his sentence upon an irrelevant federal investigation. Petitioner's argument is based upon the allegation that the State presented the circuit court with allegedly impermissible evidence at sentencing by referencing that the FBI "seized [petitioner's] electronics." While this evidence was introduced during the sentencing hearing, petitioner admitted during his pre-sentence evaluation that the FBI seized his "electronics and on-line accounts." We have previously held that "'[a] judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal.' Syllabus Point 21, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966), *overruled on other grounds by Proudfoot v. Dan's Marine Service, Inc.*, 210 W.Va. 498, 558 S.E.2d 298 (2001)." Syl. Pt. 3, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W.Va. 213, 719 S.E.2d 381 (2011). Our review of the record clearly shows that it was petitioner who first addressed this issue and, as such, we find no error.

Related to this assignment of error, petitioner also argues that his designation as a "sexually violent predator" was an impermissible factor in which the circuit court relied upon in

sentencing him to the maximum penalty. We agree with petitioner's contention that the Sex Offender Registration Act is not punitive. West Virginia Code § 15-12-1a states that "[i]t is **not** the intent of the Legislature that the information be used to *inflict retribution or additional punishment* on any person convicted of any offense requiring registration under this article. This article is intended to be regulatory in nature and not penal." [2] (Emphasis added.) However, the record is devoid of any evidence that the circuit court considered petitioner's designation as a "sexually violent predator" to inflict retribution or additional punishment. As noted above, the circuit court sentenced petitioner within the statutory limits for the crimes in which he pled guilty. Furthermore, the circuit court had the option to impose a more severe penalty for the crime of first-degree sexual assault because at the time of the crime petitioner was older than eighteen years of age and one of his victims was younger than twelve years old.[3]

For the foregoing reasons, the circuit court's February 11, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[2]Petitioner does not challenge that he was designated a "sexually violent predator" as he agreed to this designation as part of his plea agreement.

[3]West Virginia Code § 61-8B-3(c) states that any person guilty of sexual assault in the first degree "who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisoned . . . for not less than twenty-five nor more than one hundred years[.]" At the time of the crime petitioner was thirty years old and the victim of the first-degree sexual assault was eleven years old.