# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: A.J.

No. 16-1015 (Raleigh County 15-JA-155-K)

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.J., by counsel Amy O. Osgood, appeals the Circuit Court of Raleigh County's September 29, 2016, order terminating his parental rights to A.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Winifred L. Bucy, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to elicit certain testimony during the proceedings below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the DHHR filed an abuse and neglect petition against petitioner and the mother that alleged the mother was intoxicated in public with the then sixteen-month-old child. According to the petition, law enforcement contacted Child Protective Services ("CPS") after the mother's arrest for being drunk in public with the infant. The mother could not identify any individuals who could care for the child, so she was placed in foster care. Eventually, petitioner sought placement of the child. While at the police department to arrange for a transfer of physical custody, petitioner was told that he could not leave the State with the child or allow the child to be alone with the mother, if the mother was released from incarceration, until after CPS investigated the matter. Thereafter, the DHHR attempted to locate petitioner and the child but could not find them. The mother then informed the DHHR that petitioner took the child to her family's home in the Commonwealth of Kentucky. CPS arranged to retrieve the child from her grandmother and returned her to foster care in West Virginia. The DHHR's petition alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

that petitioner's actions, including removing the child from the state, constituted abuse and neglect. Petitioner thereafter waived his preliminary hearing.

In December of 2015, petitioner stipulated to adjudication and was granted a post-adjudicatory improvement period.[2] In August of 2016, the circuit court held a dispositional hearing, during which the circuit court denied petitioner an extension of his post-adjudicatory improvement period. At the outset of the hearing, the circuit court asked if the parties agreed to proceed by proffer and no parties objected. The circuit court further found that petitioner failed to comply with any services made available during the course of the proceedings. Ultimately, the circuit court terminated petitioner's parental rights.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner raises three separate assignments of error that are all predicated upon the circuit court's alleged failure to elicit certain testimony. According to petitioner, the circuit court erred in (1) failing to elicit testimony, including petitioner's testimony, regarding his alleged noncompliance with the terms of his improvement period; (2) failing to elicit testimony from certain service providers who could attest to petitioner's compliance with the terms of his improvement period; and (3) failing to elicit testimony from either petitioner or a DHHR worker concerning whether or not petitioner was informed he could not leave the State with the child. Upon our review, we find no error in the proceedings.

---

[2]Petitioner did not include his written stipulation in the appendix on appeal.

[3]According to the DHHR and the guardian, the parental rights of both parents to the child were terminated below. The DHHR and the guardian further state that the permanency plan for the child is adoption in the current foster home.

Petitioner's arguments on appeal are entirely without merit, as he cites to no authority that places a burden on the circuit court to elicit certain testimony during abuse and neglect proceedings. In regard to the burden of proof in abuse and neglect proceedings, we have held that

> "W.Va.Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Moreover, we have held that the burden of proof never shifts from the State to the parent throughout a child abuse and neglect case. Syl. Pt. 2, *In the Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981). However, in discussing evidentiary burdens, we have set forth the following:

> [a]s a general matter, the burden of proof consists of two components: burden of production and burden of persuasion. The burden of persuasion requires the party upon whom it is placed, to convince the trier of fact . . . on a given issue. When a party has the burden of persuasion on an issue, that burden does not shift. The burden of production merely requires a party to present some evidence to rebut evidence proffered by the party having the burden of persuasion. The term burden of production is also used to refer to either party presenting some evidence on a matter.

*In re Tax Assessment of Foster Foundation's Woodlands Retirement Community*, 223 W.Va. 14, 29, 672 S.E.2d 150, 165 (2008) (quoting *Mayhew v. Mayhew*, 205 W.Va. 490, 497 n. 15, 519 S.E.2d 188, 195 n. 15 (1999)).

In this matter, although the DHHR had the burden of proof and, thus, the burden of persuasion, as it relates to establishing conditions existing at the time of the petition's filing, petitioner had the burden of production. That is to say that petitioner was required to present some evidence to rebut the DHHR's evidence submitted below. Instead of satisfying this burden in the circuit court, petitioner now complains that the circuit court erred in failing to elicit evidence that would support his position. We find this argument unpersuasive. In short, there is simply no authority upon which petitioner can rely that would impose a duty on the circuit court to elicit testimony on his behalf.

Moreover, petitioner provides no citation to any instance of the circuit court preventing him from calling or cross-examining witnesses. In fact, the transcript from the dispositional hearing shows that the circuit court asked the parties if they objected to proceeding by way of proffer, and no parties objected. Further, it is clear that evidence concerning whether the DHHR informed petitioner that he could not leave the State with the child was immaterial, given petitioner's stipulation to the petition's allegations, including the allegation that he left the State with the child against the DHHR's directions. We have previously held that "'[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error

as a reason for reversal on appeal.' Syllabus Point 1, *Maples v. West Virginia Dep't of Commerce*, 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 2, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W.Va. 213, 719 S.E.2d 381 (2011). Further,

> "[a] judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal." Syllabus Point 21, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966), *overruled on other grounds by Proudfoot v. Dan's Marine Service, Inc.*, 210 W.Va. 498, 558 S.E.2d 298 (2001).

Id. at 215, 719 S.E.2d at 383, Syl. Pt. 3. The record in this matter is clear that petitioner voluntarily chose to stipulate to the adjudication against him and further raised no objection to the circuit court proceeding to disposition by proffer. For these reasons, the Court finds that petitioner is entitled to no relief in regard to the circuit court's alleged failure to elicit testimony concerning these issues, as he clearly invited any such error by entering into a stipulated adjudication and failing to object to presenting evidence by proffer.

Further, in support of his assignments of error, petitioner generally argues that it was error for the circuit court to terminate his parental rights because of its failure to elicit the testimony referenced above. Because we find no error in regard to petitioner's assignments of error concerning the circuit court's alleged failure to elicit certain testimony, we thus find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 29, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4