# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.V.-1

No. 16-0886 (Mineral County 15-JA-29)

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.V.-2, by counsel Jeremy B. Cooper, appeals the Circuit Court of Mineral County's September 8, 2016, order terminating her parental rights to A.V.-1[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Kelley A. Kuhn, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding sufficient evidence to constitute imminent danger to the child, in accepting her stipulation at adjudication, and in terminating her parental rights. Petitioner also argues that she received ineffective assistance of counsel during the underlying proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that A.V.-1 was born drug-addicted and suffered from withdrawal symptoms. The petition also alleged that petitioner had a history of drug abuse and made statements to hospital personnel indicating that she did not want the child.

In October of 2015, the circuit court held a preliminary hearing wherein petitioner waived her right to the same. Petitioner's counsel indicated that there was an outstanding warrant for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because petitioner and the child share the same initials, we will refer to them as A.V.-1 and A.V.-2 throughout this memorandum decision.

petitioner's arrest in the State of Maryland and, that following the preliminary hearing, she would be taken into custody and transported to Maryland.

In November of 2015, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations as contained in the petition and admitted to having "a significant addiction history in regard to heroin . . . ." The circuit court granted petitioner a post-adjudicatory improvement period and ordered that she participate in life skills classes, participate in parenting training classes, participate in drug abuse counseling, submit to random drug screening, and undergo a psychological evaluation. Subsequently, in February of 2016, petitioner was incarcerated on her previous criminal charges in Maryland. Following a series of hearings and petitioner's release from incarceration, her improvement period resumed in April of 2016.

In June of 2016, the circuit court held a third review hearing regarding petitioner's improvement period. At the hearing, the DHHR reported that petitioner was not progressing. Following the hearing, the guardian filed a motion to terminate petitioner's improvement period based upon her failure to comply with services. In July of 2016, the circuit court held a hearing on the guardian's motion wherein a service provider testified that petitioner failed to visit the child for two weeks following her release from incarceration. The provider also testified that, while petitioner did sporadically visit with the child, she continued to miss scheduled visits with the child. The provider further testified that petitioner failed to make progress in her visits with the child. Another service provider testified that petitioner failed to progress in her individualized parenting and adult life skills classes and lacked the motivation to improve her parenting skills. According to the provider, petitioner expressed that she did not want to participate in some of the services required by her family case plan. A third service provider assigned to randomly drug screen petitioner testified that petitioner failed to participate in at least five random drug screens and tested positive for alcohol in May of 2016. The provider further testified that petitioner failed to participate in random drug screening or substance abuse counseling from June 13, 2016, to June 27, 2016. At the conclusion of the hearing and based on the evidence presented, the circuit court terminated petitioner's improvement period.

In August of 2016, the circuit court held a dispositional hearing wherein a DHHR worker testified that petitioner failed to acknowledge her parenting issues despite several months of services. The service provider who administered petitioner's drug screens testified that, since the termination of her improvement period, petitioner tested positive for methamphetamines and Suboxone. Petitioner testified that she "had no good reason" for testing positive for methamphetamines and Suboxone and also admitted to having substance abuse issues. Based on the evidence presented and by order entered on September 8, 2016, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and terminated her parental rights.[2] It is from that September 8, 2016, order that petitioner appeals.

---

[2]Petitioner's parental rights to A.V.-1 were terminated below. The parental rights of A.V.-1's father, S.B., were terminated in a separate proceeding. According to the guardian, the child was placed in foster care and the permanency plan is adoption into that home.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, we address petitioner's argument that she received ineffective assistance of counsel during the underlying proceedings.[3] Specifically, petitioner argues that her counsel advised her to waive her right to a preliminary hearing but that she "gained nothing" from said waiver. Petitioner's argument fails to meet the ineffective assistance of counsel standard previously articulated by this Court.[4] To find that ineffective assistance of counsel occurred, petitioner must prove that "[c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). It is clear from the record that the circuit court accepted petitioner's knowing and voluntary waiver of her right to a preliminary hearing. Petitioner fails to articulate what she expected to gain from waiving her right to the preliminary hearing. Thus, petitioner provides no evidence that the proceedings would have been different if she did not waive her right. For these reasons, the Court declines to find that petitioner received ineffective assistance of counsel.

Next, we find no error in the circuit court's finding that imminent danger to the child existed at the time of the petition's filing. In support of her argument, petitioner asserts that the Suboxone she used while pregnant was prescribed to her by a physician. As such, she argues that her Suboxone use does not meet the statutory definition of imminent danger. However, petitioner's argument ignores both the specific facts of the case and West Virginia Code § 49-1-201, which provides that imminent danger exists when there is an "emergency situation in which the welfare or the life of the child is threatened." This statute further provides that the welfare or the life of the child is threatened when "[t]he parent'[s] . . . abuse of alcohol or drugs or other

---

[3]Petitioner was represented by Max H. White in the underlying abuse and neglect proceedings.

[4]We note that this Court has never recognized a claim for ineffective assistance of counsel in the context of abuse and neglect matters, and declines to do so in the instant matter.

controlled substance[s] . . . has impaired his or her parenting skills to a degree as to pose an imminent risk to a child's health or safety." W.Va. Code § 49-1-201(H) (2015).

It is clear from the record on appeal that the child was born drug-addicted as a result of petitioner's use of Suboxone. Moreover, it is also clear that after the child's birth, petitioner made numerous statements to medical personnel that she did not want the child and could not care for him. Additionally, while petitioner argues that she used Suboxone "under the care of a physician who prescribed it to her," petitioner admitted that she purchased Suboxone illegally and had an extensive history of substance abuse. Further, petitioner failed to participate in random drug screening, tested positive for drugs, and continued to abuse drugs "for no good reason." As such, the circuit court was presented with sufficient evidence to find that imminent danger to the child existed at the time of the petition's filing and we, therefore, find no error.

Petitioner also argues that the circuit court erred in accepting her stipulation at adjudication. Petitioner contends that her admissions were insufficient to support the circuit court's finding of abuse and neglect. We disagree and find no error below. Petitioner tested positive for methamphetamines and Suboxone and admitted to abusing substances throughout the proceedings below. The Court finds that petitioner is not entitled to challenge the sufficiency of her adjudication on appeal because she stipulated to the same. We have previously held that "'[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal.' Syllabus Point 1, *Maples v. West Virginia Dep't of Commerce,* 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 2, *Hopkins v. DC Chapman Ventures, Inc.,* 228 W.Va. 213, 719 S.E.2d 381 (2011). Further, "[a] judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal." Syllabus Point 21, *State v. Riley,* 151 W.Va. 364, 151 S.E.2d 308 (1966), *overruled on other grounds by Proudfoot v. Dan's Marine Service, Inc.,* 210 W.Va. 498, 558 S.E.2d 298 (2001), *Id.* at 215, 719 S.E.2d at 383, Syl. Pt. 3. The record in this matter is clear that petitioner voluntarily stipulated to the adjudication against her. Moreover, petitioner did not object to her adjudication as an abusing parent, nor challenge the sufficiency of the allegations against her as contained in the petition. In fact, the record shows that the circuit court inquired of petitioner as to her "understanding of the admission" and "understanding of the consequences of said admission including the possible termination of her parental rights." Petitioner answered the circuit court's inquiry in the affirmative. Based on the evidence presented below, the circuit court found that petitioner made her admissions "voluntarily and freely" and understood the consequences of said admissions. For these reasons, the Court finds that petitioner is entitled to no relief in regard to adjudication in this matter, as she clearly invited any such error by entering into a stipulated adjudication.

Finally, petitioner argues that the circuit court erred in terminating her parental rights.[5] The Court, however, does not agree. Further, petitioner's argument ignores the facts of the case presented below. Specifically, the circuit court found that petitioner failed to remedy the

---

[5]Petitioner's final assignment of error was that the circuit court erred in terminating her parental rights because she received ineffective assistance of counsel. As previously stated, we have never recognized a claim for ineffective assistance of counsel in the context of abuse and neglect matters, and decline to do so here.

4

conditions of abuse and neglect in the home. These findings were based on substantial evidence, including evidence that petitioner failed to visit the child, failed to comply with services, failed to participate in all random drug screens, and tested positive for methamphetamines, Suboxone, and alcohol. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through [with] the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

Based upon the substantial evidence outlined above, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because she failed to participate in services and continued to abuse drugs. The circuit court further found that termination of petitioner's parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 8, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 9, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5